USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE MURRAY, JR.,

                Plaintiff,

                -against-

JENNIFER BOUCK, Parole Officer; ASHLEY JOHNSON,
Parole Officer; ELVIS GUERRERO, Parole Officer; and
MARCELLUS RANDOLPH, Senior Parole Officer,

                Defendants.

1:19-cv-00317-MKV

ORDER OF DISMISSAL
WITHOUT PREJUDICE

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff, proceeding *pro se*, commenced this action on January 11, 2019, by filing the

Complaint. [ECF No. 1.] Defendants filed the Answer on June 14, 2019. [ECF No. 20.] A

discovery plan was entered by Magistrate Judge Gorenstein on July 10, 2019. [ECF No. 25.] The

case was reassigned to me on February 5, 2020.

       On August 24, 2020, having seen no sign of activity in the case, the Court issued an Order

directing the parties to file a joint letter apprising the Court of the status of the case. [ECF No.

34.] On September 4, 2020, Defendants filed a letter explaining that they have been unable to

contact Plaintiff and expressing their desire to move for dismissal for failure to prosecute. [ECF

No. 35.] On September 21, 2020, Defendants filed their Motion and supporting papers. [ECF

Nos. 36–39.] On September 22, 2020, the Court issued an Order to Show Cause warning Plaintiff

that failure to respond "will result in dismissal of this action." [ECF No. 40.] To date, Plaintiff

has not filed a letter or taken any other action to prosecute the case.

       Federal Rule of Civil Procedure 41(b) provides in part, "If the plaintiff fails to prosecute

or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." Fed. R. Civ. P. 41(b). The Second Circuit has explained that "dismissal for lack

of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  The standard is heightened in cases of *pro se* litigants.  *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (noting that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant" (citing *Minnette*, 997 F.2d at 1027)).  While dismissal may be a harsh remedy, "the Court's authority to dismiss an action 'for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Akhtab v. BCBG Max Azria Grp. Inc.*, No. 08 Civ. 3088 (AKH), 2010 WL 11590860, at *1 (S.D.N.Y. June 24, 2010) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal;
> (3) defendant was likely to be prejudiced by further delay; (4) the need to
> alleviate court calendar congestion was carefully balanced against
> plaintiff's right to an opportunity for a day in court; and (5) the trial court
> adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); and *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999)).  None of the five factors is dispositive.  *Id.* (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).  While a district court need not discuss the factors on the record, doing so gives a reviewing court the benefit of the district court's reasoning.  *Lucas*, 84 F.3d at 535.

Considering the five factors above, the Court finds that dismissal is appropriate.  Plaintiff has been unresponsive for over a year, notwithstanding multiple attempts to reach him and multiple

warnings that his silence and inaction may result in dismissal. The last action by Plaintiff in this case was his filing of a letter on August 15, 2019, notifying the Court of a change in address. [ECF No. 26.] Defendants claim that they have not received any communications from Plaintiff since that date despite multiple attempts to contact him. [ECF No. 35; *see also* ECF No. 33]. In addition, Plaintiff has not responded to the Court's request for a status update, which the Court mailed to Plaintiff at the address of record updated pursuant to Plaintiff's letter dated August 15, 2019. Plaintiff has also not responded to Defendants' Motion or the Court's Order to Show Cause, both of which were served by mail on Plaintiff by Defendants at the updated address of record. [ECF Nos. 39, 41.]

Moreover, Plaintiff received multiple warnings that his silence could result in dismissal, to no avail. Magistrate Judge Gorenstein, to whom this case was referred for general pretrial purposes, warned Plaintiff in an Order dated October 28, 2019, that failure to comply with the directives in that Order could result in dismissal. [ECF No. 31.] Given Plaintiff's failure to respond, Defendants requested dismissal for failure to prosecute by letter dated December 20, 2019. [ECF No. 32.] Judge Swain, to whom this case was previously assigned, entered an Order on January 2, 2020, directing Defendants to move for dismissal in accordance with Local Rules 7.1 and 7.2. [ECF No. 33.] Defendants, however, did not file their Motion. The Court's Order dated August 24, 2020, directed Defendants to indicate in their status update whether they still intended to move for dismissal. [ECF No. 34.] In their status letter, Defendants expressed a desire to proceed with their Motion and explained that they hesitated in filing it at the outset of the COVID-19 pandemic due to the disruptions in receiving communications by mail caused by the pandemic. [ECF No. 35.] Defendants then filed their Motion on September 21, 2020. [ECF No. 36.] The Court then warned Plaintiff in the Order to Show Cause that failure to respond by October 23, 2020, would result in dismissal. [ECF No. 40.] That deadline has now expired.

Based on the foregoing, the Court dismisses Plaintiff's case for failure to prosecute.  *See Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 41–44 (2d Cir. 2013) (summary order) (affirming dismissal for failure to prosecute where *pro se* plaintiff, *inter alia*, failed to respond to correspondence from opposing counsel and a motion to dismiss for failure to prosecute); *Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing for failure to prosecute where plaintiff was unresponsive despite warnings that case could be dismissed for failure to prosecute); *Smith v. Westchester County*, No. 19-CV-1283 (KMK), 2020 WL 883332, at *1 –2 (S.D.N.Y. Feb. 24, 2020) (dismissing for failure to prosecute where Plaintiff failed to communicate with court for several months and order to show cause noted that failure to respond would result in dismissal); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (dismissing case for failure to prosecute where plaintiff was unresponsive and despite several warnings that case could be dismissed for failure to prosecute); *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 120–22 (S.D.N.Y. 2016) (dismissing for failure to prosecute where plaintiff, *inter alia*, remained silent for seventeen months despite a court order to act and failed to respond to a motion to dismiss for failure to prosecute); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4–5 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where plaintiffs ignored court orders and briefing schedules, failed to respond to correspondence from defense counsel, and failed to contact the court for nearly two months); *see also Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247(AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (noting that "courts have granted [motions to dismiss for failure to prosecute] on delays of four months or less where circumstances warranted dismissal" (citing *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311(SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000))).

The Court is mindful of Plaintiff's *pro se* status, but "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Menu v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (citing *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order)); *see also Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) ("[E]ven *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." (citing *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104 (W.D.N.Y. 1998))).  The Second Circuit has made that the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (collecting cases).  Plaintiff received two direct warnings from the Court [ECF Nos. 31, 40] and was also alerted to the possibility of dismissal through Defendants' submissions and Judge Swain's Order [*see* ECF Nos. 32–39].

Finally, the Court notes that while the docket entry dated December 2, 2019, reflects an unsuccessful attempt to mail two Orders to Plaintiff, it is Plaintiff's responsibility to  "keep[] the Court apprised of any changes to [his] notice address . . . , so that orders, notices and other court documents can reach [him]." *Rubin*, 319 F.R.D. at 121; *see also Love v. Amerigroup Corp.*, No. 09–CV–4233 (ILG)(RER), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) ("When a party changes his address, it is his obligation to notify the court of the new address." (collecting cases)). As several courts have concluded, "when a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, dismissal may be an appropriate remedy." *Sterdine v. Levine*, Nos. 06–CV–5938 (JS)(ARL), 06–CV–6025 (JS)(ARL), 2009 WL 3334268, at *2 (E.D.N.Y. Oct. 9, 2009) (citing *Garcia v. Hynes*, No. CV 08–3115(RJD)(LB), 2009 WL 890640 (E.D.N.Y. Mar. 31, 2009)); *see also Hibbert v. Apfel*, No.

99CIV.4246(SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (dismissing case for failure to prosecute despite the fact that notices sent to *pro se* plaintiff warning of possible dismissal were returned to sender).

"[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." *Amoroso v. County of Suffolk*, No. 08–CV–826 (JFB)(ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). *See also Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) ("In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal without prejudice is warranted.").

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute. The Clerk of Court is respectfully requested to terminate docket entry number 36 and close the case.


**SO ORDERED.**

Date:  **October 30, 2020**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**